IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ISAAC MARK RAMIREZ,

    Petitioner,

v.                                              No. 14-cv-0230 WJ/SMV

JAMES JANECKA and
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Defendant/Petitioner (hereinafter "Petitioner") Isaac Mark Ramirez's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody [Doc. 1] ("Petition"), filed March 10, 2014. Respondents answered on May 27, 2014. [Doc. 11]. The Honorable William P. Johnson, United States District Judge, referred this matter to the undersigned for proposed findings and a recommended disposition. [Doc. 3]. Having considered the parties' submissions, the record in this case, the relevant law, and being otherwise fully advised in the premises, I recommend that the claims be DENIED and the case be DISMISSED with prejudice.[1]

---

[1] Because the issues in the Petition can be resolved on the record, I find that an evidentiary hearing is unnecessary. *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858–59 (10th Cir. 2005) (where a § 2254 petition can be resolved on the record, an evidentiary hearing is unnecessary).

## Factual and Procedural Background

Petitioner is in custody pursuant to a valid Judgment and Order Partially Suspending Sentence, filed May 27, 2014, in the Third Judicial District Court, Doña Ana County, Cause No. D-307-CR-200701260.   [Doc. 11-1] at 1.

A grand jury charged Petitioner with various offenses stemming from his alleged involvement in a September 8, 2007 fight in which three individuals were shot, one fatally. [Doc. 11] at 2; [Doc. 11-2] at 1–2 (discussing counts of the Superseding Grand Jury Indictment). In a plea agreement executed July 29, 2011, Petitioner pleaded guilty to ten counts, including second-degree murder.[2]   [Doc. 11-1] at 9–10.   The plea agreement contained "no agreements as to sentencing" and set forth the maximum penalties for each of Petitioner's offenses.   *Id.* at 10–12.   Petitioner's maximum sentence was 54 years' imprisonment.[3]   [Doc. 11] at 3.   On September 23, 2011, the Honorable Fernando R. Macias, now Chief Judge of the Third Judicial District of New Mexico, sentenced Petitioner to 39 years' incarceration, 13 suspended (for an actual term of 26 years), to be followed by 2 years on parole.   [Doc. 11-1] at 4–5.

Petitioner appealed his sentence to the New Mexico Court of Appeals.   *Id.* at 22.   The grounds for his appeal were that "his sentence did not comply with the range of sentence which

---

[2] Petitioner pleaded guilty to the following offenses: second-degree murder (Count 1); conspiracy to commit first-degree murder (Count 2); shooting at a dwelling or occupied building and conspiracy to commit the same (Counts 3 and 4); aggravated battery (firearm enhancement) (Counts 5 and 6); aggravated assault (firearm enhancement) (Count 7); tampering with evidence and conspiracy to commit the same (Counts 8 and 9); and possession of a firearm or destructive device by a felon (Count 10).  [Doc. 11-1] at 9–10; [CD Recording of July 29, 2011 Change-of-Plea Hearing] at 1:42:00–1:45:45.   Petitioner also admitted his identity as a repeat offender to one previous conviction.   [Doc. 11-1] at 10.   In return, the State of New Mexico agreed to reduce the original charge in Count 1 of first-degree murder down to second-degree murder.   [CD Recording of July 29, 2011 Change-of-Plea Hearing] at 1:42:00–1:45:45.

[3] During the July 29, 2011 change-of-plea hearing, defense counsel explained that the State of New Mexico had promised to "recommend" that the sentences on all counts (except for the tampering charge) run concurrent with the sentence imposed on Count 1, for a maximum exposure of 18 years' imprisonment.   [CD Recording of July 29, 2011 Change-of-Plea Hearing] at 1:45:45−1:46:15.

2

he felt his attorney had advised him of, which he thought the State had agreed to, and for which he thought he would be sentenced." *Id.* at 27. Petitioner argued that the amount of "real time" was not within the range that he understood he would receive. *Id.* at 25.

The New Mexico Court of Appeals proposed summary affirmance of the sentence. *Id.* at 30. With the assistance of new appellate counsel, Petitioner moved to amend the appellate docketing statement to include the issue of ineffective assistance of counsel.[4] The amended docketing statement contended that Petitioner's trial counsel was ineffective because he (1) "misadvised [Petitioner] about the potential consequences of entering into the plea agreement," and (2) failed to file a motion to withdraw Petitioner's guilty plea. *Id.* at 39–41. The Court of Appeals denied the motion to amend because Petitioner had "failed to make a prima facie showing of ineffective assistance of counsel," *id.* at 45, and affirmed the sentence, *id.* at 47.

Petitioner filed a petition for writ of certiorari to the Supreme Court of New Mexico. *Id.* at 48–55. The writ was denied on May 25, 2012. *Id.* at 62.

Petitioner then filed a petition for writ of habeas corpus in state district court. [Doc. 11-2] at 1–4. In his habeas petition, Petitioner claimed that trial counsel was ineffective "for providing inadequate advice to plead guilty," "for failing to investigate and discuss relevant defenses," and for "fail[ing] to move [the state] district court for [a] withdrawal of plea." *Id.* at 1–2. Finally, he argued that his "plea was not knowing, voluntary, or intelligent." *Id.* at 2.

On July 12, 2013, after determining that no evidentiary hearing was necessary, *id.* at 20, Judge Macias summarily dismissed the habeas petition on its merits, *id.* at 18–20.

---

[4] Attorney Gary C. Mitchell represented Petitioner at trial and through the first part of the appeal. [Doc. 1] at 8; [Doc. 11-1] at 28. However, attorney B. Douglas Wood III represented Petitioner by the time Petitioner moved to amend the docketing statement. [Doc. 1] at 8; [Doc. 11-1] at 42.

Petitioner filed a second petition for writ of certiorari. He contended that the state district court erred in its decision and further erred in failing to conduct an evidentiary hearing to examine Petitioner's ineffective-assistance-of-counsel claim. *Id.* at 23–27. The Supreme Court of New Mexico denied the petition on February 27, 2014. *Id.* at 48.

Petitioner subsequently filed a timely federal habeas petition under § 2254. He asserts three grounds for relief. In Ground One, he argues that he "was denied a constitutionally adequate state habeas corpus proceeding with a meaningful opportunity to satisfy A.E.D.P.A. requirements." [Doc. 1] at 4. In Ground Two, he claims that his trial counsel was ineffective in failing to give adequate advice concerning the plea agreement, failing to investigate potential defenses, and failing to file a motion to withdraw the guilty plea. *Id.* at 4–5. In Ground Three, he claims that his "plea was not knowing, voluntary, or intelligent." *Id.* at 6. Respondents concede that Petitioner has exhausted available state-court remedies on all three grounds. [Doc. 11] at 6–7.

## Analysis

**I.    Ground One of the Petition Is Not Cognizable under § 2254**

In Ground One, Petitioner claims that he "was denied a constitutionally adequate state habeas corpus proceeding with a meaningful opportunity to satisfy A.E.D.P.A. requirements." [Doc. 1] at 4. Petitioner contends that he did, in fact, set forth sufficient facts to establish "a prima facie [ineffective-assistance-of-counsel] claim," but the trial court summarily dismissed his claim without allowing him the opportunity to present supporting evidence. *Id.* Petitioner argues that such a dismissal resulted in the trial court's "untenable determinations as to the facts, determinations which could not reasonably be reached without inquiry into and receipt of

4

evidence."[5]  *Id.* at 5.  Respondents contend that Ground One is not a cognizable ground for relief on federal habeas review.  [Doc. 11] at 9.  Respondents are correct.

A habeas proceeding is "an attack by a person in custody upon the legality of that custody."  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  A petition for relief under § 2254 must challenge the validity of a conviction or sentence.  *Id.*  A challenge to state post-conviction procedures "fail[s] to state a federal constitutional claim cognizable in a federal habeas proceeding."  *Pearson v. Ward*, 184 F. App'x 760, 762 (10th Cir. 2006) (quoting *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993)).

In Ground One, Petitioner requests habeas relief based on an alleged defect in the state post-conviction procedures.  The claim does not directly challenge the validity of Petitioner's conviction or sentence.  Thus, I find that Ground One does not state a cognizable claim for relief under § 2254.

**II.    Grounds Two and Three**

   A.    <u>Standard for 28 U.S.C. § 2254 Habeas Petitions</u>

The provisions of 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 ("AEDPA"), govern this case.  A petition for habeas corpus under § 2254 attacks the constitutionality of a state prisoner's conviction and continued detention.  A federal court cannot grant habeas relief pursuant to § 2254(d) with respect to any claim adjudicated on the merits by a state court unless the petitioner's state-court proceeding:

---

[5] As Respondents note in their Answer, this may be interpreted as an argument in support of the ineffective-assistance-of-counsel claim (Ground Two).  *See* [Doc. 11] at 10 n.1.  Because Petitioner appears pro se, I will construe his claims liberally and address his statements as arguments to both Ground One and Ground Two.  *See Steele v. Young*, 11 F.3d 1518, 1521 n.4 (10th Cir. 1993).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). "Even if a state court resolves a claim in a summary fashion with little or no reasoning, [federal courts] owe deference to the state court's result." *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003). The standard is "highly deferential" to state courts, and the Supreme Court has added that it is "difficult to meet," as it demands that state-court decisions be given the benefit of the doubt. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, (2011) (citing *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)); *see also Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012) ("Under [AEDPA,] a federal court in a § 2254 proceeding must be exquisitely deferential to the state court's resolution of the [petitioner's] claims.").

The term "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to" Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [those] cases." *Id*. at 405. The Supreme Court has interpreted the term "contrary to" as meaning, *inter alia*, "diametrically different" and "opposite in character and nature." *Id*. Therefore, habeas relief under § 2254 may be granted only where the state court "applies a rule that contradicts the governing law set forth in Supreme Court cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from [that] precedent." *Price v. Vincent*, 538 U.S. 634, 640 (2003).

Significantly, it is unnecessary for the state court to cite applicable Supreme Court cases or even to be aware of such cases, "so long as neither the reasoning nor the result of the state-court decision contradicts [that precedent]."  *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court decision makes an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle from [the Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Williams*, 529 U.S. at 413.  However, "[i]t is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court [applied] clearly established federal law erroneously or incorrectly."  *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (internal quotation marks and citations omitted).  "Rather, that application must be objectively unreasonable."  *Id.* at 76.

Pursuant to AEDPA, state court findings of fact are "presumed to be correct."  § 2254(e)(1).  Accordingly, petitioners challenging a state court's decision based on an unreasonable determination of the facts in light of the evidence presented, *see* § 2254(d)(2), must show by clear and convincing evidence that the determination was factually erroneous.  *See Miller-el v. Dretke*, 545 U.S. 231, 240 (2005); *Wiggins v. Smith*, 539 U.S. 510, 528 (2003).

Lastly, where state courts have adjudicated a claim on its merits, federal courts are limited to reviewing the record as it stood before the state courts.  *Pinholster*, 131 S. Ct. at 1398 (citing § 2254(d)(1)).  That is, evidentiary hearings are not permitted in federal court on claims that the state courts decided on their merits.  *Id.* at 1398–99; *Littlejohn v. Trammell*, 704 F.3d 817, 857 (10th Cir. 2013).  "'Adjudicated on the merits' [means] a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced,

rather than on a procedural, or other ground." *Wilson v. Workman*, 577 F.3d 1284, 1308 (10th Cir. 2009) (internal quotation marks omitted). Thus, summary decisions, even those completely devoid of any reasoning at all, can constitute decisions "on the merits" for purposes of AEDPA. *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

  B. Ground Two: Ineffective Assistance of Counsel

In Ground Two, Petitioner claims that his trial counsel was ineffective in failing to give adequate advice concerning the plea agreement, failing to investigate potential defenses, and failing to file a motion to withdraw the guilty plea. [Doc. 1] at 4–5.

In evaluating an ineffective-assistance-of-counsel claim, a court must measure defense counsel's performance by the two-pronged standard established by the Supreme Court in *Strickland*. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* standard requires a petitioner to demonstrate (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Id.* To establish deficient performance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. However, "[a] court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Richter*, 131 S. Ct. at 787 (internal quotation marks omitted). To establish prejudice, a petitioner must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 131 S. Ct. at 792. As a result, "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

The Court is not required to address both prongs of the *Strickland* standard if the petitioner makes an insufficient showing on one of the prongs. *Strickland*, 466 U.S. at 697.

In the habeas context, the highly deferential *Strickland* standard is applied in tandem with the highly deferential § 2254(d) standard, and the resulting review is doubly deferential. *Richter*, 131 S. Ct. at 788; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). "When § 2254(d) applies, the question [for the reviewing court] is not whether counsel's actions were reasonable . . . [but] whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 131 S. Ct. at 788. Furthermore, the Supreme Court has cautioned that because "the *Strickland* standard is a general one, . . . the range of reasonable applications is substantial." *Id*.

In the state habeas proceeding, Judge Macias evaluated and rejected each of Petitioner's three arguments for ineffective assistance of counsel, finding that Petitioner could not establish prejudice. Judge Macias's decisions must be upheld unless they either were contrary to, or involved an unreasonable application of, clearly established federal law or were based on an unreasonable determination of facts in light of the evidence presented. § 2254(d). Respondents contend that Petitioner has not established either threshold under § 2254(d), and therefore, the Court must defer to Judge Macias's conclusions. [Doc. 11] at 11−15.

First, Petitioner claims that counsel gave him "bad advice" concerning the plea agreement and was thus ineffective. [Doc. 1] at 4. Counsel allegedly assured Petitioner that "despite the language of the Plea and Disposition Agreement, the Court would run all his sentences 'concurrent,' leaving Petitioner with 15 years to serve." *Id.* And "[b]ased on this advice, Petitioner plead [sic] guilty." *Id.* Judge Macias denied Petitioner's claim for

9

ineffective assistance of counsel as to this argument. [Doc. 11-2] at 19. Judge Macias looked to Petitioner's change-of-plea hearing conducted on July 29, 2011. *Id.* Judge Macias had personally conducted the prescribed plea colloquy. *Id.* *See generally* [CD of July 29, 2011 Change-of-Plea Hearing]. At the hearing, the judge had determined that Petitioner "understood the nature of the charges against him" and "was advised of the full consequences of his plea[,] including the maximum possible penalty provided by law for each offense to which the plea was offered." [Doc. 11-2] at 19; *see* [CD of July 29, 2011 Change-of-Plea Hearing] at 1:49:45. He had further determined that the "plea was voluntary and not the result of force, threats[,] or promises." [Doc. 11-2] at 19; *see* [CD of July 29, 2011 Change-of-Plea Hearing] at 1:57:00. Finally, Judge Macias determined that Petitioner had understood the plea agreement contained no agreement as to sentencing. [Doc. 11-2] at 19. Judge Macias determined, therefore, that Petitioner was fully advised as to the consequences of pleading guilty. *Id.* He felt that Petitioner could not show prejudice from counsel's alleged failure to provide adequate advice concerning the plea agreement. *Id.* (citing *State v. Bernal*, 2006-NMSC-050, 140 N.M. 644). Essentially, Judge Macias found that Petitioner did not establish the second *Strickland* prong.

Petitioner makes no argument as to how Judge Macias's finding was either contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. Judge Macias correctly applied the *Strickland* standard for ineffective assistance of counsel claims. I must defer to Judge Macias's determination that Petitioner had failed to establish prejudice. I find, therefore, that Petitioner's claim for ineffective assistance of counsel as to his counsel's allegedly inadequate advice is without merit.

10

Second, Petitioner claims that his counsel was ineffective for failing to investigate potential defenses. [Doc. 1] at 6. He contends that "many undisputed facts," such as his lack of a gun, cast doubt on the State's charges against him. *Id.* In light of such undisputed facts, Petitioner believes that "counsel should [have] reasonably conducted *some* investigation into possible defenses." *Id.*

Judge Macias denied this claim in the state habeas proceedings. He explained, correctly, that "[a] plea of guilty is treated as an honest confession of guilt and a waiver of all defenses known and unknown." [Doc. 11-2] at 20 (citations omitted). Because Petitioner had confessed to his guilt, Judge Macias found that he could not show prejudice from his counsel's alleged failure to investigate potential defenses. *Id.*

Petitioner has not argued that Judge Macias's decision was contrary to, or involved an unreasonable application of, clearly established federal law. Nor does he argue here that the decision was based on an unreasonable determination of facts. Indeed, clearly established federal law supports the determination that Petitioner's plea was both an honest confession and waiver of all defenses. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Salazar*, 323 F.3d 852, 856 (10th Cir. 2003) ("[I]t is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses."). In view of Petitioner's confession, Judge Macias determined that Petitioner failed to establish prejudice, as required under the second *Strickland* prong. I must defer to Judge Macias's determination. I find that Petitioner's claim

for ineffective assistance of counsel as to his counsel's alleged failure to investigate defenses is without merit.

Finally, Petitioner claims that his counsel was ineffective for failing to file a motion to withdraw his guilty plea. [Doc. 1] at 6. Petitioner contends that he "asked counsel to file a motion to withdraw [the] plea of guilty," and counsel failed to do so. [Doc. 1] at 4–5.

As with Petitioner's prior arguments concerning ineffective assistance of counsel, Judge Macias determined that Petitioner had not established prejudice from counsel's alleged error. He determined that Petitioner "was fully apprised of the consequences of his plea by the court." [Doc. 11-2] at 20. Petitioner then "entered a knowing, voluntary[,] and intelligent guilty plea" and received a "lawful sentence." *Id.* Thus, Judge Macias found that Petitioner was not prejudiced by counsel's failure to move to withdraw the guilty plea. *Id.*

The Court must defer to Judge Macias's determination unless it is contrary to, or involves an unreasonable application of, clearly established law or is based on an unreasonable determination of fact. Again, Petitioner offers no explanation as to how Judge Macias's determination meets either threshold for habeas relief under § 2254. In fact, Judge Macias's determination conforms to clearly established federal precedent. *See Strickland*, 466 U.S. at 687; *Lucero v. Kerby*, 7 F.3d 1520, 1522 (10th Cir. 1993) (explaining that trial counsel generally has no basis upon which to withdraw a petitioner's plea where the sentence does not violate the plea agreement). Judge Macias denied habeas relief on the ground that Petitioner could not establish prejudice, as required by *Strickland*. I must again defer to his determinations and find that Petitioner's claim for ineffective assistance as to counsel's failure to withdraw the guilty plea is meritless.

As Respondents note in their Answer, Petitioner's claim in Ground One may be construed as an argument for ineffective assistance of counsel in Ground Two. [Doc. 1] at 5; *see* [Doc. 11] at 10 n.1. In Ground One, Petitioner states that "the trial court made untenable determinations as to the facts, determinations which could not reasonably be reached without inquiry into and receipt of evidence." [Doc. 1] at 5. Indeed, this may be interpreted as an argument that Judge Macias made an unreasonable determination of facts in light of the evidence presented concerning Petitioner's ineffective-assistance-of-counsel claim. A petitioner challenging a state court's determination in this manner must show by clear and convincing evidence that the determination was factually erroneous. *See Miller-el*, 545 U.S. at 240; *Wiggins*, 539 U.S. at 528. Here, Petitioner offers only conclusory allegations that Judge Macias made unreasonable determinations of fact. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."); *cf. United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting allegations that were "merely conclusory in nature and without supporting factual averments"). I find, therefore, that the argument in Ground One is without merit to the extent it is offered in support of Petitioner's ineffective-assistance-of-counsel claim.

C.  <u>Ground Three: The Plea Was Not Knowing, Voluntary, or Intelligent</u>

In Ground Three, Petitioner claims that his plea of guilty was "not knowing, voluntary, or intelligent." [Doc. 1] at 6. Petitioner contends that he "was not apprised of the elements of the charges" for which he entered guilty pleas, "nor was there a factual basis in the record to support his pleas." [Doc. 1] at 7.

Due process requires that a defendant's plea of guilty be "voluntary and knowing." *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Otherwise, the plea of guilty is void. *Id.* "[T]he longstanding test for determining the validity of a guilty plea . . . is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)) (internal quotation marks omitted). A petitioner may challenge a guilty plea under the Due Process Clause if he was "not fairly apprised of its consequences." *Id.* (internal quotation marks omitted).

Judge Macias evaluated and dismissed this claim during the state habeas proceedings. [Doc. 11-2] at 19. As discussed above, Judge Macias had determined during the July 29, 2011 change-of-plea hearing that Petitioner understood the nature of the charges against him and pleaded guilty voluntarily, free of force, threats, or promises. *Id.* He further determined that there existed "a basis in fact for believing that the defendant [was] guilty of the offenses charged and that an independent record for such factual basis had been made."[6] *Id.* Based on these determinations, Judge Macias denied Petitioner's claim that his guilty plea was not given knowingly, voluntarily, or intelligently. *Id.*

Judge Macias's determinations must be upheld unless they were either contrary to, or involve an unreasonable application of, clearly established federal law or were based on an unreasonable determination of fact. *See* § 2254(d). Petitioner has not argued that Judge Macias's decision was contrary to, or involved an unreasonable application of, clearly

---

[6] Judge Macias's determinations in the order denying habeas relief comport with statements made during the July 29, 2011 change-of-plea hearing. At the hearing, the prosecuting attorney read a statement of facts giving rise to the charges against Petitioner. [CD of July 29, 2011 Change-of-Plea Hearing] at 1:51:12–1:55:28. Defense counsel confirmed the facts, and Petitioner pleaded guilty. *Id.* at 1:55:30–1:56:37. Judge Macias then confirmed that Petitioner's plea was "of [his] own free will" and done only after "having discussed all these matters with [defense counsel]." *Id.* at 1:57:00–1:55:11.

established federal law. In contending that no factual basis in the record exists to support his guilty pleas, Petitioner appears to argue that Judge Macias's decision stems from an unreasonable determination of the facts in light of the evidence presented. [Doc. 1] at 7. But Petitioner presents no specific explanation as to how—much less any evidence to show that—Judge Macias's determinations were factually erroneous. Indeed, Petitioner's conclusory assertions fall far short of the clear and convincing evidence necessary to overcome the presumption that Judge Macias's factual determinations are correct.[7] I must defer to Judge Macias's determinations. I find Ground Three to be meritless.

## CONCLUSIONS AND RECOMMENDED DISPOSITION

For the reasons set forth herein, I respectfully recommend that the Petitioner's § 2254 Petition [Doc. 1] be **DENIED**, and that his action be **DISMISSED WITH PREJUDICE**.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[7] Petitioner "incorporate[s] here" his arguments from his state brief. [Doc. 1] at 7. Neither Petitioner's habeas petition in state court nor his petition for certiorari to the state Supreme Court assist Petitioner's arguments here. They are similarly conclusory.

15